**MorrisonCohen** LLP

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

September 15, 2023

**VIA ECF**

Hon. Edgardo Ramos
United States District Court, Southern District of New York
40 Foley Square, Courtroom 619
New York, New York 10007

Re:     *SEC v. Genesis Global Capital, LLC and Gemini Trust Company, LLC*, 1:23-cv-00287

Dear Judge Ramos:

We represent Defendant Genesis Global Capital, LLC ("GGC") in the above-referenced matter. I write pursuant to Section 2.A.i of the Court's Individual Practices to respectfully request a conference regarding GGC's proposed motion to stay discovery pending the resolution of its Motion to Dismiss the Complaint or Strike Certain of Plaintiff's Requests for Relief (the "Motion," ECF 33).

This case presents precisely the circumstances that warrant a stay of discovery while GGC's (and co-defendant Gemini Trust Company, LLC's) motions to dismiss are *sub judice*. In its Motion, GGC demonstrated that Plaintiff Securities and Exchange Commission did not plausibly allege that GGC's participation in a cryptocurrency asset lending program known as "Gemini Earn" was an offer or sale of unregistered securities. Rather, Gemini Earn was a traditional lending program that, under long-settled law, was outside the ambit of the federal securities laws. Because GGC's Motion raises "substantial arguments for dismissal" of the entire case, *see Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013), a stay of discovery until that motion is decided is appropriate. Even if the Court did not grant GGC's motion in its entirety, the contours of the Court's decision (and its determination as to what remedies Plaintiff plausibly alleged it is entitled) would materially affect the parameters and concomitant burdens of discovery.

There is more reason for a stay, however, than just the pendency of a motion to dismiss. GGC is currently in the midst of Chapter 11 proceedings in the Bankruptcy Court for the Southern District of New York. Consequently, the costs of discovery come at the sole expense of GGC's creditors, including the very Gemini Earn customers whom the SEC is purporting to protect in this case. A brief stay of discovery could not plausibly prejudice Plaintiff because, as it readily admits, the Gemini Earn program ended months before this case was even instituted.

**I.     Background**

Plaintiff filed this case against GGC and Gemini on January 12, 2023, after the Gemini Earn program ceased (*see* ECF 1), and just one week before GGC and affiliated debtors filed a petition for Chapter 11 in the Bankruptcy Court of the Southern District of New York. *See In re Genesis*

Hon. Edgardo Ramos, p. 2

*Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.).[1]

In its Complaint, Plaintiff alleges against GGC and Gemini a single violation of Section 5 of the Securities Act of 1933.  Namely, the SEC claims that Gemini Earn constituted an unregistered offer and sale of securities.  Compl. ¶¶ 68, 72–74.  Plaintiff seeks a permanent injunction against future potential violations of Section 5, notwithstanding Plaintiff's concession in the Complaint that the Gemini Earn program has been permanently discontinued.  *See* Compl. ¶ 8.  Plaintiff also seeks unspecified disgorgement and civil penalties.  *See* Compl. at p. 21.

GGC (and Gemini) subsequently moved to dismiss the Complaint in its entirety because the loans provided by Gemini Earn customers were not securities.  *See* ECF 33.  GGC also moved to strike Plaintiff's requests for a permanent injunction and disgorgement.  *See id.*  Defendants' motions to dismiss were fully briefed on August 18, 2023, and they remain *sub judice*.  *See* ECF 42-43.[2]

## II.     Legal Argument

Although the filing of a motion to dismiss does not automatically stay discovery in this district, the Court has "considerable discretion to stay discovery" under Fed. R. Civ. P. 26(c) "upon a showing of good cause."  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery where motion to dismiss not "unfounded in the law").  In certain circumstances (such as here), a pending motion to dismiss may constitute "good cause" for a protective order staying discovery.  *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 72.

In deciding whether to issue a protective order to stay discovery pending resolution of a motion to dismiss, courts typically consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.  *See Alapaha View Ltd. V. Prodigy Network,* LLC, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay).  Here, each factor favors a brief stay to allow the Court to determine whether Plaintiff has sufficiently alleged its single securities law claim.

GGC Has Made A Strong Showing That Plaintiff's Claim Is Unmeritorious.  Plaintiff alleged only a single registration-based claim, alleging that GGC's participation in the Gemini Earn program constituted the offer and sale of unregistered securities.  As set forth in GGC's Motion, the

---

[1] On August 29, 2023, after Defendants fully briefed the Motions, counsel for the Debtors and Debtors-in-Possession in GGC's bankruptcy proceeding filed a notice with the Bankruptcy Court attesting to the fact the Debtors, Official Committee of the Unsecured Creditors, and GGC's parent company Digital Currency Group, Inc. have reached "a deal in principle."  *See* Notice of Mediation Termination (*In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.) at ECF 625.  If approved, this agreement would allow unsecured creditors (including Gemini Earn customers) to retrieve as much as 90% of the assets they lent to Defendants in exchange for certain releases barring future liability.  Consideration of that agreement, as well as GGC's bankruptcy proceedings writ large, remain ongoing.

[2] Counsel for all parties met and conferred by videoconference on September 12, 2023 about GGC's request to stay discovery while its motion to dismiss is *sub judice*.  On September 13, 2023, counsel for Plaintiff informed counsel for defendants that it opposes GGC's request for a stay of discovery, and wishes to proceed with discovery without delay.

Hon. Edgardo Ramos, p. 3

Complaint should be dismissed because it establishes that Gemini customers' loans to GGC were just that—loans—and not "investment contracts" under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946) or "securities notes" under *Reves v. Ernst & Young*, 494 U.S. 56 (1990). Plaintiff's legal theory would require the Court to extend well-settled law to precarious new territory, retroactively designating a conventional lending program as a securities offering, and finding that lending under unambiguous and arms-length contracts falls under the ambit of the federal securities laws. GGC has, at a minimum, raised "substantial arguments for dismissal" to justify a brief stay while its motion to dismiss is *sub judice*. *See Pinnacle Performance*, 297 F.R.D. at 72–73.

GGC's motion to dismiss, if granted, would dispose of the entire action, weighing in strong support of a stay. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Moreover, even if the Court did not grant GGC's motion in its entirety, the contours of the Court's decision (such as whether Plaintiff plausibly alleged that the loans are both investment contracts and securities notes, and whether it plausibly alleged a basis for its remedies) would materially affect the scope and burden any discovery. *See Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 118CV566 (TJM/CFH), 2020 WL 7338588, at *6 (N.D.N.Y. Dec. 14, 2020) (granting stay where decision on a motion to dismiss would "potentially reshape pending claims").

The Burden Of Discovery, Which Falls On Gemini Earn Customers, Warrants A Stay. It would be unreasonable and counterproductive for GGC's creditors—including Gemini Earn customers themselves—to shoulder the cost of discovery while GGC's motion to dismiss is pending. Discovery in this matter will be significant in scope and expensive. Because GGC is in bankruptcy, its litigation costs come at the direct expense of GGC's creditors, including Gemini Earn customers. It makes no sense for those same creditors to receive less money because of the costs required to conduct discovery, especially while the Court is considering GGC's motion to dismiss (which may moot discovery altogether). *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (granting stay because of, among other things, discovery's "significant burden"; "it is prudent to defer discovery until after the Complaint's sufficiency is tested"). It is also diametrically opposed to Plaintiff's programmatic goal of protecting investors.

A Brief Stay Would Not Prejudice Plaintiff. The requested stay of discovery—limited to the time that GGC's motion is *sub judice*—cannot possibly prejudice Plaintiff. Plaintiff's single claim is based on defendants' alleged failure to register Gemini Earn as a securities offering. Plaintiff is seeking a permanent injunction against the Gemini Earn program, but concedes that the program ceased months before it filed this case; GGC has since entered bankruptcy proceedings. *See* Compl. ¶ 8. Additionally, Plaintiff's claim for disgorgement cannot be a basis for any supposed prejudice, since Gemini Earn customers stand to recover their assets through the pending bankruptcy proceedings. *See, e.g.*, *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (delay in discovery without more does not amount to unfair prejudice); *Integrated Systems and Power, Inc.*, 2009 WL 2777076 at *1 (delay of "only a few months" would not prejudice plaintiff "to any degree"). The only stakeholders who risk prejudice are Gemini Earn customers themselves, should discovery proceed unnecessarily.

We look forward to discussing this matter at a conference.

Hon. Edgardo Ramos, p. 4

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb

cc: All counsel of record