

|  |  |
|---|---|
| 500 E Main Street, Suite 1400<br>Norfolk, VA 23510<br>Tel: (757) 904 5373 | 299 Broadway, Suite 1816<br>New York, NY 10007<br>Tel: (212) 548 3212 |

September 18, 2023

**Via ECF**

The Honorable Judge Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

    RE: *Securities and Exchange Commission v. Genesis Global Capital, LLC, and Gemini Trust Company, LLC*, No. 1:23-cv-287

Dear Judge Ramos:

    We represent Defendant Gemini Trust Company, LLC ("Gemini") in the above-referenced case and refer to the letter filed on September 15, 2023 (ECF No. 46), by Defendant Genesis Global Capital, LLC ("Genesis"). Gemini joins Genesis's request for a conference regarding a proposed motion to stay discovery pending resolution of the defendants' motions to dismiss the complaint, ECF Nos. 30, 33.

    As Genesis noted in its pre-motion letter, Genesis and its parent company, Genesis Global Holdco, LLC, are the debtors in a Chapter 11 bankruptcy proceeding pending in the Southern District of New York.

    The vast majority of Genesis's creditors are Gemini users who participated in the Gemini Earn lending program that is the subject of the SEC's complaint in this action. Gemini, acting as agent for those lenders, has expended significant resources attempting to maximize the amount returned to individual lenders through the bankruptcy. Gemini thus has a strong interest in seeing the value of the Genesis bankruptcy estate preserved to the extent possible. Accordingly, we agree with Genesis that each dollar expended by the debtor on this litigation—including what is certain to be a burdensome and expensive discovery process—will further diminish the bankruptcy estate and the eventual return to the Gemini Earn lenders. The SEC cannot point to any compelling reason to accelerate the dissipation of the debtor's assets.

    Additionally, the factors courts typically consider in deciding a motion to stay discovery all favor such a stay in this action, as explained in Genesis's pre-motion letter. *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). *First*, Defendants have set out in their motion papers multiple independent reasons the complaint should be dismissed with prejudice, including that the Gemini Earn program did not involve securities and that, even if it did, there was no "sale" alleged in the complaint, as required by Section 5 of

the Securities Act.  *Second*, the burden of discovery will be significant, and at least while the motions are pending, the parties' resources—including Gemini's, as it expends significant amounts in attempting to maximize the return for Earn lenders—should be conserved for the benefit of the Earn lenders.  *Third*, the SEC cannot seriously contend that a brief stay of discovery is prejudicial to its interests, especially where, as here, the lending program has been permanently shut down.

Pausing discovery while the defendants' motions to dismiss are under submission with the Court will ensure that debtor assets are not expended unnecessarily on an action that should be dismissed at the pleading stage.  In that regard, defendants look forward to argument on those motions as soon as convenient for the Court.

Gemini's counsel has conferred with counsel for the Securities and Exchange Commission, which it understands will oppose a motion to stay discovery pending resolution of the motions to dismiss.

>Respectfully submitted,
>
>JFB LEGAL, PLLC
>
>By: /s/ John F. Baughman
>
>>John F. Baughman
>>299 Broadway – Suite 1816
>>New York, NY 10007
>>(212) 548-3212
>
>*Attorneys for Gemini Trust Company, LLC*

cc: all parties via ECF