

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

VIA ECF                                                                                       September 21, 2023
The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 619
New York, New York 10007

Re:     <u>SEC v. Genesis Global Capital, LLC et al., LLC</u>, No. 1:23-cv-287

Dear Judge Ramos:

  Pursuant to Section 2.A.ii of Your Honor's Individual Practices, Plaintiff Securities and Exchange Commission ("SEC") hereby submits its response to the pre-motion letters filed by Defendants Genesis Global Capital, LLC ("Genesis") ("Genesis Letter") and Gemini Trust Company, LLC ("Gemini") ("Gemini Letter") requesting a discovery stay until the Court decides their motions to dismiss (ECF Nos. 30 and 33). Defendants suggest a stay would benefit the approximately 340,000 Gemini Earn investors – the same investors Defendants have refused to repay nearly $1 billion since November 2022. On the contrary, prolonged litigation would harm the Gemini Earn investors and cause significant prejudice to the SEC – both in the litigation and in its mission to prevent future illegal offers and sales of securities by Defendants.

  The Court should deny Defendants' request to stay discovery because they have failed to show the "good cause" necessary to justify a stay under Federal Rule of Civil Procedure 26(c)(1). In the Southern District for New York, discovery stays are the exception, not the rule. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citation omitted). To determine if good cause exists, courts consider "[1] the breadth of discovery sought [and] the burden of responding to it, [2] the prejudice that would result to the party opposing the stay; and [3] the strength of the pending motion forming the basis of the request for stay." *Id*. Each of these factors weighs strongly against Defendants' stay request.

  *First*, Defendants have not shown good cause because they have not provided the required "particular and specific demonstration" of burden. *See Republic of Turkey*, 316 F. Supp. 3d at 677 (citation omitted). Genesis and Gemini instead rely on generalities, arguing that discovery will be "significant in scope and expensive" (Genesis Letter at 3; Gemini Letter at 2). Gemini's separate claim that it is "expend[ing] significant amounts in attempting to maximize the return for Earn lenders" is even more ambiguous and irrelevant. These kinds of conclusory assertions, which could be made in nearly every

civil case, do not show good cause. *See, e.g.*, *Mirra v. Jordan*, 15-cv-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17-cv-6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan 15, 2020); *Hoxie v. Livingston Cnty.*, No. 09-CV-10725, 2010 WL 822401, *1 (E.D. Mich. Mar. 4, 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive."); *Standard Bank PLC v. Vero Ins., Ltd.*, No. 08-cv-02127-PAB-BNB, 2009 WL 82494, at *2 (D. Colo. Jan. 13 2009) ("Parties always are burdened when they engage in litigation . . . . That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties in this case."). To the extent Genesis's creditors will bear these discovery costs (Genesis Letter at 3), they will inevitably bear these costs regardless of whether discovery is delayed pending a ruling on the motion to dismiss, and the SEC intends to work with Genesis to mitigate any financial burden on their creditors in discovery.

The only case Defendants cite (Genesis Letter at 3) to support their position on burden involved a court's grant of a discovery stay when the plaintiff sought "a massive production" of documents, including documents related to thousands of bank transactions over a multi-year period. *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at*3 (S.D.N.Y. Dec. 7, 2015). The present matter, however, involves a registration-based claim against two defendants related to an investment program that operated for one year and nine months, and the SEC intends to seek discovery that reflects the size and scope of the case. Moreover, even if the parties were to disagree about the appropriateness or scope of particular discovery requests, this would not be proper grounds for a discovery stay. *See Guiffre v. Maxwell*, No. 15-cv-7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 19, 2016).

**Second**, the SEC would suffer considerable prejudice under the stay. Since January 2023, Genesis has laid off a significant number of its staff. If Genesis's bankruptcy results in a liquidation, further layoffs are likely and the SEC could face substantial hurdles in trying to obtain and locate relevant documents, communications, and personnel – whose memories of events will fade with time. The stay also will prejudice the 340,000 Gemini Earn investors that will suffer from prolonged discovery and litigation. The best interests of the Gemini Earn investors would be served by swiftly moving through discovery and the conclusion of the litigation. Policy considerations also weigh heavily against the stay of an SEC civil enforcement action. Defendants effectively have requested a stay because Genesis is in bankruptcy, but it is well established that actions brought by the SEC to enforce the securities laws are an exercise of the SEC's police and regulatory powers to protect the public interest – including by preventing Defendants from conducting future illegal offerings – and are exempt from the automatic stay in bankruptcy proceedings. *See, e.g.*, *SEC v. Miller*, 808 F.3d 623, 631 (2d Cir. 2015); *SEC v. Towers Fin. Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997).

Genesis cites (Genesis Letter at 3) to two cases to support its argument as to prejudice, but neither involved a bankrupt defendant or the SEC and its programmatic goal of preventing future misconduct. In *Spinelli v. Nat'l Football League*, the court

found that a stay was warranted where the case was already two years old and discovery would be broad and significant because the matter involved 40 defendants, intricate contract provisions, and complex copyright and antitrust claims. No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). In *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, briefing on the motion to dismiss had not been completed, and discovery would be costly and time-consuming as the claims covered six years and defendant's multiple distributors in the New York City area. No. 06 Civ. 7839 (PKL), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). By contrast, this case is focused on a single registration-based claim concerning two defendants and their investment program that operated for less than two years.

**Third**, the weakness of Defendants' motions to dismiss weighs heavily against a stay of discovery. Although we will not attempt to summarize our opposition brief (ECF No. 41), there are a number of essential defects in Defendants' motions. The SEC properly alleged that Gemini Earn constituted an investment contract under the test set forth in *SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946). The SEC also properly alleged that the Gemini Earn Agreements were notes and, as part of Gemini Earn, were securities under the test set forth in *Reves v. Ernst & Young*, 494 U.S. 56 (1990). Finally, the complaint plainly alleges a *prima facie* claim under Section 5 of the Securities Act of 1933 ("Securities Act") and has more than adequately alleged that there have been offers and sales of securities by Defendants through Gemini Earn.

Defendants' citations in support of their claim (Genesis Letter at 3) that they have raised substantial dismissal arguments that justify a stay are inapposite. In *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, the court found defendant's argument that the court lacked diversity jurisdiction compelling because the plaintiff's counterarguments were illogical and found no support in case law. 297 F.R.D. 69, 73 (S.D.N.Y. 2013). Here, the SEC has more than adequately alleged the sufficiency of its complaint with ample support in case law. In *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, the court's decision to stay discovery was based in part on the risk that discovery could "irreparably damage" defendants' ongoing contractual negotiations. 206 F.R.D. 367, 368 n.1 (S.D.N.Y. 2002). Here, Genesis has not alleged that discovery would jeopardize its bankruptcy negotiations. In *Nat'l Rifle Ass'n of Am. v. Cuomo*, the court found that because "neither plaintiff nor defendants advance as the clear 'winner' based on a facial review of the motions to dismiss . . . this factor tips neither in favor of, or against, a stay." No. 118CV566 (TJM/CFH), 2020 WL 7338588, at *3 (N.D.N.Y. Dec. 14, 2020). In that case, the court noted that even if it denied the stay, "the practical reality is that a good portion of discovery is tied up due to additional pending motions in this case." *Id.* at *4. Here, discovery can and should proceed immediately pending resolution of defendants' motions.

Accordingly, the SEC respectfully requests that the Court deny Defendants' request for a stay of discovery pending resolution of their motions to dismiss. We appreciate Your Honor's attention to this matter.

          Respectfully submitted,

          */s/ Edward J. Reilly*
          Edward J. Reilly
          Securities and Exchange Commission
          100 F Street NE
          Washington, DC 20549
          (202) 551-6791

cc: All Counsel of Record (*via ECF)*