# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br><br>      v.<br><br>GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC,<br><br>                            Defendants. | Case No. 23-cv-287 (ER) |

## CONSENT OF GENESIS GLOBAL CAPITAL, LLC

1.      Defendant Genesis Global Capital, LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraphs 3 and 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e] as set forth in the Final Judgment; and

    (b)    orders Defendant to pay a civil penalty in the amount of $21 million under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] (the "SEC Claim"). Such civil penalty shall be payable as provided for in the

1

confirmed Chapter 11 Plan in the Bankruptcy Case captioned *In re: Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.) (the "Bankruptcy Case"), as set forth in paragraph 3.

3. Defendant agrees to seek approval of the Chapter 11 Plan which provides, in such plan or the corresponding confirmation order, that such civil penalty shall be treated as an allowed general unsecured claim of the Commission against the Defendant in the Bankruptcy Case, in the amount of $21 million, which shall be paid after payment in full of all other allowed administrative expense, secured, priority, and general unsecured claims. To the extent such classes are paid in full, the Commission shall receive distributions from Defendant as a general unsecured claim on account of the SEC Claim.

In the event this settlement agreement is not approved by the court in the Bankruptcy Case, whether pursuant to a motion or a Chapter 11 plan, prior to entry of a nonappealable discharge order, the Commission may, at its sole discretion, petition the Court for an order fixing the amount of disgorgement, pre-judgment interest, and/or civil penalty. Payments of any amounts fixed by this Court under this provision shall be treated in accordance with the Bankruptcy Code and the confirmed Chapter 11 Plan. In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Final Judgment, this Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standard for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant acknowledges that any amounts of the civil penalty paid pursuant to the Final Judgment and the confirmed Chapter 11 plan may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it, shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to

3

Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches

this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that the terms of the settlement reflected in this Consent and in the Judgment are subject to approval by the Bankruptcy Court in the Bankruptcy Case, and the SEC Claim shall be treated as set forth in paragraph 3, *supra*, under any Plan filed by Defendant in the Bankruptcy Case.

17. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: January 24, 2024

Genesis Global Capital, LLC

By: _____
Arianna Pretto-Sakmann
Chief Legal Officer
175 Greenwich Street, 38th Floor
New York, NY 10007

On **Jan. 24**, 2024, **Arianna Pretto-Sakmann** a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of **GGC, LLC** as its **Chief Legal Officer**

_____
Notary Public   ELIZABETH A. REINA
Commission expires: 10/19/2025

ELIZABETH A. REINA
Notary Public, State of New York
No. 01RE4908980
Qualified in Richmond County
Certificate on File in New York County
Commission Expires October 19, 2025

Approved as to form:

_Jason Gottlieb_
Jason Gottlieb
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Tel: (212) 735-8600
jgottlieb@morrisoncohen.com

Attorney for Defendant

7