UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC,**<br><br>　　　　　　　　　　**Defendants.** | Case No. 23-cv-287 (ER) |

**FINAL JUDGMENT AS TO DEFENDANT GENESIS GLOBAL CAPITAL, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Genesis Global Capital, LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

　　(a)　Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus

1

or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant as to the allegations and violations described in the complaint or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $21 million pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] (the "SEC Claim"). Such civil penalty shall be treated as an allowed general unsecured claim of the Commission against the Defenndant in the Bankruptcy Case *In re: Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.) ("Bankruptcy

Case"), which shall be paid as provided for in the confirmed Chapter 11 Plan in the Bankrutpcy Case, and shall, for the avoidance of doubt, receive distributions after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims, consistent with the Consent and this Final Judgment.

In the event this settlement agreement is not approved by the court in the Bankruptcy Case, whether pursuant to a motion or the Chapter 11 Plan, prior to entry of a nonappealable discharge order, the Commission may, at its sole discretion, petition the Court for an order fixing the amount of disgorgement, pre-judgment interest, and/or civil penalty.  Payments of any amounts fixed by this Court under this Final Judgment shall be treated in accordance with the Bankruptcy Code and the confirmed Chapter 11 Plan.  In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, the Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standard for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Genesis Global Capital, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. In connection with any such petition and at any hearing held regarding such enforcement, (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment, the Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standard for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 18, 2024
       New York, New York

_____
EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE