UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC,<br><br>　　　　　　　　　　Defendants. | Case No. 23-cv-287 (ER) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a Protective Order ("Protective Order") pursuant to the Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored protective order governing the confidentiality of certain information in this action; and

1.　　　　IT IS HEREBY STIPULATED AND AGREED, that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, as well as any other person in active concert or participation with any of the foregoing and all other persons with actual notice of this Order, will adhere to the following terms, upon risk of contempt: No person or entity subject to this Order may disclose Discovery Material (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person has designated as "Confidential" pursuant to this Order to any other person or entity except as permitted expressly by this Order.

1

Discovery Material that is not designated as Confidential shall only be used for the purposes of this litigation.

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential such material that includes, but is not limited to: (1) information prohibited from disclosure by statute; (2) information it reasonably and in good faith believes consists of or includes trade secrets or other confidential research, development, technical, or commercial information; (3) medical information concerning any individual; (4) personal identity information; (5) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms, and other personal financial information; (6) personnel or employment records of a person who is not a party to this action and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties; or (7) confidential investigatory information. The following information shall be treated as Confidential even if not designated or marked as such: Financial account numbers, Social Security Numbers, and the names of minor children.

3. The Producing Party or its counsel shall designate confidential portions of Discovery Material as Confidential by stamping or otherwise clearly marking as Confidential the protected portion in a manner that will not interfere with legibility or audibility. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

4. A Producing Party or its counsel may designate deposition exhibits, deposition transcripts, or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter

will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential designation within two (2) business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action (if a natural person), their insurers, and counsel to their insurers;

(b) if the party is an entity, such officers, in-house ounsel or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Discovery Material that bears the Confidential designation, are bound by the terms of this Protective Order;

(c) counsel of record for this action, including any law clerk, accountant, analyst, paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter, and for the SEC, any supervisors of counsel of record for this action;

(d) outside vendors or service providers (such as litigation support service providers, copy-service providers, foreign language translators, and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document or in its metadata as having received a copy;

(g) any witness who counsel of record believes in good faith may be called to testify at trial or deposition in this action;

(h) actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation;

(i) jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential Information are bound by the terms of this Protective Order;

(j) litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

    (k)  stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (l)  this Court, including any appellate court, its support personnel, and court reporters.

    (m)  such other person or persons as this Court may designate after notice and an opportunity to be heard.

  8.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(e), 7(g), 7(h) or 7(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  If counsel provides a copy of this Order to an individual as contemplated herein, counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  9.  In the course of this action, the Parties may attempt to discover documents and information from third parties. Any third party from whom discovery is sought by a Party to this action may avail itself of the protections and limitations of disclosure provided for in this Order. The third party shall identify any Confidential information produced in accordance with this Order. The Parties hereby agree to treat any material designated as Confidential and produced by a third party in accordance with the terms of this Order.

  10.  This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall file a redacted and/or sealed copy of the Confidential Court Submission via the Electronic Case Filing System. Any Party that seeks to file Confidential Discovery Material with redactions or under seal must file an application in accordance with Section 3 of this Court's Individual Rules of Practice in Civil Cases.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

13. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices.

14. Recipients of Confidential Discovery Material under this Order shall use such material solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not disclose it except in accordance with the terms of this Order. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to the use of its own documents or information produced in this action.

15. Nothing in this Order shall:

(i) limit or restrict SEC's retention, use, or disclosure of Confidential

                    Discovery Material for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information. Pursuant to a Commission Subpoena"), or otherwise interfere with the use of information for law enforcement activities or to regulate and administer the federal securities laws;

      (ii)      apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Confidential Discovery Material with other federal, state, local, or foreign law enforcement and/or regulatory agencies; or

      (iii)     subject to any party's requests under 17 C.F.R. §§ 200.83(c)(1)(ii), 200.83(d)(1), and 200.83(d)(2), limit or restrict the retention, use, or disclosure of Confidential Discovery Material to the extent the SEC or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), or to fulfill the SEC's recordkeeping, governmental reporting, or archival obligations.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Entering into this Order shall not (a) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material; or (c) operate as a waiver of any attorney-client, work product, or other privilege or protection.

18. Pursuant to Federal Rule of Evidence 502(d), the production and disclosure of Discovery Material subject to the attorney-client privilege, work product doctrine, or other privilege or protection from production shall not constitute a waiver of the privilege in this case or in any other federal or state proceeding. Specifically, the provisions of Federal Rule of Evidence

502(b) are inapplicable to the production of such materials, and this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of material for relevance, responsiveness and/or privilege before production.

19. Within a reasonable amount of time after discovering the production of material subject to the attorney-client privilege, work product doctrine, or other privilege or protection from production, the Producing Party shall notify the opposing party, in writing.  The Party possessing the information claimed to be privileged or otherwise protected from production shall: (a) refrain from any further examination or disclosure of the material; (b) promptly segregate and/or return the material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact within 5 business days of receipt of notice; and (c) not used the material for any purpose unless authorized by further order of the Court.

20. Documents unintentionally produced without designation as Confidential information may later be designated and shall be treated as Confidential information from the date written notice of the designation is provided to the receiving party.

21. If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

22. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Dated:** April 24, 2024
New York, New York

**SO ORDERED:**

_____
Hon. Edgardo Ramos
United States District Judge

**SO STIPULATED AND AGREED:**

| **Gemini Trust Company, LLC** | **Securities and Exchange Commission** |
|---|---|
| __/s_____<br>Jack F. Baughman<br>Andrew Bosse<br>Baughman Kroup Bosse<br>One Liberty Plaza, Floor 46<br>New York, NY 10006<br>(212) 735-8837<br>jbaughman@bkbfirm.com<br>abosse@bkbfirm.com<br><br>*Attorneys for Defendant Gemini Trust Company, LLC* | ___/s_____<br>Edward J. Reilly<br>Laura Meehan<br>Securities and Exchange Commission<br>100 F Street, NE<br>Washington, D.C. 20549<br>(202) 551-6791 (Reilly)<br>(212) 336-0079 (Meehan)<br>reillyed@sec.gov (Reilly)<br>meehanla@sec.gov (Meehan)<br><br>*Attorney for Plaintiff Securities and Exchange Commission* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC,**<br><br>Defendants. | Case No. 23-cv-287 (ER) |

**EXHIBIT A – CONFIDENTIALITY AGREEMENT**

The undersigned hereby agrees as follows:

1. I have read the Protective Order entered by the Court in this action and agree to abide by its terms.

2. I agree that any discovery material or information designated as "CONFIDENTIAL" which I see, hear, or learn about in connection with this lawsuit, including documents and deposition transcripts, may be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to disclose to any person any such discovery material or information designated as "CONFIDENTIAL" except as specifically authorized by the Protective Order.

3. When this litigation is terminated, I agree to return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL" and to retain no copies of such materials.

Dated: _____        ____[signature]_____
                                    [Name]
                                    [Company]