UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC,

           Defendants.

Case No. 23-cv-287 (ER)

## JOINT STIPULATION TO DISMISS, AND RELEASES

Plaintiff Securities and Exchange Commission (the "Commission") and Gemini Trust Company, LLC ("Defendant") respectfully submit this joint stipulation.

**WHEREAS**, the Commission filed its complaint in this civil enforcement action (the "Litigation") on January 12, 2023.

**WHEREAS**, on March 18, 2024, this Court entered a final judgment as to Defendant Genesis Global Capital, LLC ("Genesis"). Genesis consented to the judgment without admitting or denying the allegations in the complaint (except as to jurisdiction). The judgment requires Genesis to pay a $21 million penalty as part of the resolution of the Commission's claims against it. *See* Dkt. No. 56. The judgement provides that the "penalty shall be treated as an allowed general unsecured claim of the Commission against [Genesis] in the bankruptcy case *In re: Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.)" ("Genesis Bankruptcy") and "shall be paid as provided for in the confirmed Chapter 11 Plan in the [Genesis Bankruptcy], and shall, for the avoidance of doubt, receive distributions after payment in full of

all other allowed administrative expenses, secured, priority, and general unsecured claims" consistent with the judgement. *Id.* at 2-3.

**WHEREAS**, in October 2023, the State of New York filed an action in the Supreme Court of New York against Gemini, Genesis, Genesis's former CEO Michael Moro, Gensis's parent company, Digital Currency Group, Inc. ("DCG"), DCG's founder and CEO Barry Silbert, and others, relating to the Gemini Earn program. *See State of New York v. Gemini Trust Company, LLC, et. al*, Index No. 452784/2023 (N.Y. Sup. Ct.). On June 14, 2024, pursuant to a settlement in which Gemini neither admitted nor denied the allegations in New York's complaint, the New York Supreme Court entered a Stipulation and Consent to Judgment resolving New York's claims against Gemini. As part of that Stipulation, Gemini agreed to fund a return to Gemini Earn investors of the "Completion Digital Assets" described in the Genesis Bankruptcy settlement—at the time worth approximately $50 million.

**WHEREAS**, on February 27, 2024, Gemini reached a settlement with the New York State Department of Financial Services ("DFS") that resolved, among other things, certain allegations regarding the Gemini Earn program. Pursuant to the settlement, Gemini agreed to contribute up to $40 million to help fund the return of all crypto assets to Gemini Earn investors through the Genesis Bankruptcy settlement described above.

**WHEREAS**, between May and June 2024, through the Genesis Bankruptcy, Gemini Earn investors received one hundred percent of the crypto assets they had loaned to Genesis through the Gemini Earn program back in kind.

**WHEREAS**, on January 21, 2025, the Commission's then Acting Chairman Mark T. Uyeda launched a crypto task force dedicated to helping the Commission develop a regulatory framework for crypto assets.

**WHEREAS**, on April 1, 2025, the Court stayed this action at the parties' request to allow the parties to explore a potential resolution. Dkt. No. 76.

**WHEREAS,** in light of the foregoing, the 100 percent in-kind return of Gemini Earn investors' crypto assets through the Genesis Bankruptcy and the settlements noted above, and in the exercise of its discretion, the Commission believes the dismissal of the claims against Defendant is appropriate.

**WHEREAS,** the Commission's decision to seek dismissal of the claims against Defendant does not necessarily reflect the Commission's position on any other case.

**WHEREAS,** by this stipulation, the Commission and Defendant agree to have the claims against Defendant dismissed.

### NOW, THEREFORE,

1.  Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Commission and Defendant stipulate that the Commission's claims against Defendant be dismissed with prejudice as to the conduct alleged in the complaint through the date of the filing of this Stipulation, and without costs or fees to either party.

2.  Defendant, for itself and any of its agents, attorneys, employees, or representatives, hereby waives and releases:

    a.  Any and all rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant that in any way relate to the Litigation, including but not limited to investigative steps taken prior to commencing the Litigation.

    b.  Any and all claims, demands, rights, and causes of action of every kind and nature, asserted or unasserted, against the Commission and its present and former officers or employees that arise from or in any way

3

relate to the Litigation, including but not limited to investigative steps taken prior to commencing the Litigation.

3. Each of the undersigned represents that they have the authority to execute this stipulation on behalf of the party so indicated.

STIPULATED AND AGREED:

_____
Margaret A. Ryan
Director, Division of Enforcement
Securities and Exchange Commission
100 F Street NE
Washington DC 20549

Dated: January 22, 2026

_____
John F. Baughman
Andrew Bosse
Baughman Kroup Bosse PLLC
One Liberty Plaza
Floor 46,
New York, NY, 10006
Tel: (347) 241-6347
jbaughman@BKBfirm.com
abosse@BKBfirm.com

Counsel for
Defendant Gemini Trust Company, LLC

Dated: January 9, 2026

4